**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Criminal Case No. 08-20429-1
                                                    Civil Case No. 14-02816

TOMMIE DUNN,

    Defendant.
_____/

**OPINION AND ORDER DENYING RECONSIDERATION**

Defendant Tommie Dunn was convicted by a jury of Interference with Commerce by Threats or Violence, 18 U.S.C. § 1951, Robbery and Attempted Robbery, 18 U.S.C. § 924(c), and Aiding and Abetting 18 U.S.C. § 2. This court denied Defendants' motion for relief under 28 U.S.C. § 2255. (Dkt. # 1; 13.) The court concluded that Defendant's motion to vacate was "an attempt to relitigate his direct appeal and ask[ed] this court to overrule the Sixth Circuit." (Dkt. # 13, Pg. ID 285.) The court's order further found that Defendant was not entitled to relief under *Johnson v. United States*, 559 U.S. 133 (2010) or *Dean v. United States*, 137 S. Ct. 1170 (2017). (*Id.* at 286, 288.) The court also concluded that "jurists of reason would not debate the court's analysis in its opinion and order denying Defendant's motion to vacate with respect to any of Defendant's claims because Defendant's claims are without merit" and declined to issue a certificate of appealability ("COA"). (Dkt. # 14.)

Defendant has now filed a motion for leave to appeal in forma pauperis (Dkt. # 18) and a motion for certificate of appealability. (Dkt. # 19.) The court will construe both

motions as motions for reconsideration since they ask this court to review the correctness of its prior opinion and order.

In the absence of a local court rule providing for motions for reconsideration, they are construed as motions to alter or amend the judgment. *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. A court may grant a Rule 59(e) motion to alter or amend if there is: "(1) a clear error of law; (2) newly discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Johnson v. Sikon*, No. 17-2359, 2018 WL 2144047, at *3 (6th Cir. Apr. 5, 2018) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Defendant has not presented any argument for why the court's prior order is incorrect. Instead, Defendant reargues the merits of his claims and why they are worthy of appellate review. (Dkt. # 19, Pg. ID 311-312.) The court fully considered and rejected Defendant's arguments in its prior order. For example, while Defendant reframes his *Johnson* argument as one under *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018), there is no difference in his argument. (Dkt. # 19, Pg. ID 312.) As already explained in this court's order, *Johnson*, *Dimaya*, and its sister cases all concern what is known as the "residual clause." (Dkt # 13, Pg. ID 287-88.) Defendant was not sentenced based on the residual clause and therefore, the invalidation of the clause is immaterial to Defendant's case.

In sum, Petitioner has not identified a clear error of law in the court's orders denying his petition for writ of habeas corpus and denying a COA. Accordingly,

2

IT IS ORDERED that Defendant's a motion for certificate of appealability (Dkt. # 19) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for leave to appeal in forma pauperis (Dkt. # 18) is DENIED AS MOOT.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 11, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 11, 2018, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
        Case Manager and Deputy Clerk
        (810) 292-6522

s/Cleland/judgesdesk/c2orders/08-20429.DUNN.SecondDenyCOA.aju